



**FORM 1.997 CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute section 25.075. (See instructions for completion.)

10042862

**I. CASE STYLE**

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**
**CIVIL DIVISION**

FILED CLERK OF CIRCUIT COURT BROWARD COUNTY, FLORIDA 2010 OCT 22 PM 4:05 CIRCUIT CIVIL

**EL-AD NOB HILL CONDOMINIUM ASSOCIATION, INC.,**

**Plaintiff,**

**vs.**

**CASE NO.:**

**MT. HAWLEY INSURANCE COMPANY, and ASPEN SPECIALTY INSURANCE COMPANY,**

**Defendants.**

**II. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an X in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
- ☐ Business governance
- ☐ Business torts
- ☐ Environmental/Toxic tort
- ☐ Third party indemnification
- ☐ Construction defect
- ☐ Mass tort
- ☐ Negligent security
- ☐ Nursing home negligence
- ☐ Premises liability - commercial
- ☐ Premises liability - residential
- ☐ Premises liability
- ☐ Real property / Mortgage foreclosure
- ☐ Commercial foreclosure $0 - $50,000
- ☐ Commercial foreclosure $50,001 - $249,999
- ☐ Commercial foreclosure $250,000 or more
- ☐ Homestead residential foreclosure $0 - $50,000
- ☐ Homestead residential foreclosure $50,001 - $249,999

Real property / Mortgage foreclosure (cont.)

- ☐ Nonhomestead residential foreclosure $50,001 - $249,999
- ☐ Nonhomestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
- ☐ Malpractice - business
- ☐ Malpractice - medical
- ☐ Malpractice - other professional
- ☐ Other
- ☐ Antitrust / trade regulation
- ☐ Business transactions
- ☐ Constitutional challenge - statute or ordinance
- ☐ Constitutional challenge - proposed amendment
- ☐ Corporate trusts
- ☐ Discrimination - employment or other
- ☒ Insurance claims
- ☐ Intellectual property
- ☐ Libel / Slander
- ☐ Shareholder derivative action
- ☐ Securities litigation

EXHIBIT 1

☐ Homestead residential foreclosure $250,000 or more

☐ Nonhomestead residential foreclosure $0 - $50,000

☐ Trade Secrets

☐ Trust litigation

☐ This case is appropriate for assignment to the complex litigation business division. Please see attached complex business division addendum form.

**III. REMEDIES SOUGHT (Check all that apply):**

☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☐ Punitive

**IV. NUMBER OF CAUSES OF ACTION [__4_]**

(Specify) Breach of Contract against Mt. Hawley, Request for Declaratory Relief against Mt. Hawley, Breach of Contract against Aspen Specialty, Request for Declaratory Relief against Aspen Specialty

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**

☐ Yes
☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ No
☐ Yes If "yes", list all related cases by name, case number and court.

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ Yes
☐ No

**VIII. IS TRIAL EXPECTED TO LAST MORE THAN TEN (10) TRIAL DAYS (2 WEEKS)?**

☐ Yes
☒ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

10/22/2010
DATE

Javier Delgado., Esquire
Florida Bar No.: 0560146
Merlin Law Group, P.A.
2333 Ponce De Leon Blvd., Suite 314
Coral Gables, Florida 33134
Attorney for Plaintiffs
Telephone: (305) 448-4800
Facsimile: (305) 448-2424



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION



EL-AD NOB HILL CONDOMINIUM
ASSOCIATION, INC.,

Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY, and
ASPEN SPECIALTY INSURANCE COMPANY,

Defendants.
_______________________________________/

## COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

Plaintiff, EL-AD NOB HILL CONDOMINIUM ASSOCIATION, INC. ("EL-AD"), by and through the undersigned counsel, hereby files this Complaint for Damages and Declaratory Judgment, and as grounds therefore, states as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees.

2. At all times relevant, Plaintiff, EL-AD, was and is a condominium association and corporation organized and existing under the laws of the state of Florida with its principal place of business located at C/O Consolidated Community Mgmt., 7124 North Nob Hill Road, Tamarac, Broward County, Florida 33071. The subject property is located at 7960 Nob Hill Road, Tamarac, Broward County, Florida 33321 (the "Property").

3. Upon information and belief, Defendant, MT. HAWLEY INSURNANCE COMPANY ("MT. HAWLEY"), was and is a foreign corporation licensed by the State of

Ck# 2107
D=2 S=2
HB to atty

Florida and authorized to engage in the business of insurance with Florida citizens, and was and is the primary insurance carrier covering the Property at all times relevant herein.

4. Upon information and belief, Defendant, ASPEN SPECIALTY INSURANCE COMPANY ("ASPEN SPECIALTY"), was and is a foreign corporation licensed by the State of Florida and authorized to engage in the business of insurance with Florida citizens, and was and is the excess insurance carrier covering the Property at all times relevant herein.

5. In consideration of the premiums paid to it, Defendant MT. HAWLEY issued Plaintiff a primary policy of insurance bearing Policy No. MCP0139932 (the "Primary Policy"), which insured the Property. A true and correct copy of the Primary Policy is attached hereto as Exhibit "A".

6. In consideration of the premiums paid to it, Defendant ASPEN SPECIALTY issued Plaintiff an excess policy of insurance bearing Policy No. PP 000394 (the "Excess Policy"), which insured the Property. A true and correct copy of the Excess Policy is attached hereto as Exhibit "B".

7. On or about October 24, 2005, while the aforementioned policies were in full force and effect, Plaintiff suffered damage(s) to the insured property as a result of Hurricane Wilma.

8. Defendants have refused to pay Plaintiff's hurricane/windstorm damage(s).

9. Jurisdiction and venue are proper with this Honorable Court because the parties regularly operate, conduct, engage in, or carry on business in Florida, and the Property is located in Broward County, Florida.

10. All conditions precedent to obtaining benefits under the Primary Policy and Excess Policy have been complied with, met, or waived.

**COUNT I**
**Breach of Contract against Mt. Hawley**

11. Plaintiff re-alleges Paragraphs 1 through 10 as if fully set forth herein and further states:

12. This is a cause of action for breach of contract arising out of an insurance policy that was in effect at the time of the loss(es) to the insured property.

13. On or about October 24, 2005, Plaintiff suffered substantial damage(s) to its insured property as a result of wind damage and ensuing loss(es) from Hurricane Wilma.

14. Wind damage(s) and ensuing loss(es) are covered perils under the Primary Policy.

15. Once known, Plaintiff timely notified Defendant of the damage(s) and filed a claim in accordance with the terms and conditions of the Primary Policy.

16. In response, Defendant assigned an adjuster and/or representative to investigate the damage(s).

17. Wind damage(s) and ensuing loss(es) damaged the insured property and caused Plaintiff substantial hardship.

18. Plaintiff has suffered economic damage(s) as a result of covered loss(es) to the insured property and continues to suffer the loss(es).

19. Plaintiff has repeatedly requested that Defendant pay its damage(s). However, Defendant has failed and/or refused to do so based on an improper, inadequate, and biased investigation as well as the palpably incorrect and biased recommendations and opinions of its adjusters and representatives.

20. Plaintiff has at all times cooperated with Defendant in the adjustment of the claim. Plaintiff has also complied with all of its obligations under the Primary Policy, or in the

alternative, has been excused from performance by the acts, representations, omissions, or conduct of Defendant.

21. Notwithstanding the foregoing, Defendant has failed to timely and promptly pay the full amount due and owing under the Primary Policy for the covered loss(es) sustained. Defendant's failure to timely and promptly pay all amounts due and owing under the Primary Policy is a breach of the insurance contract.

22. Defendant has denied coverage for a portion of the damage(s) incurred by Plaintiff.

23. Defendant's denial of coverage and refusal to pay the full amount due and owing under the Primary Policy is a breach of the insurance contract.

24. As a direct result of Defendant's breach of its insurance contract, Plaintiff has incurred, and continues to incur, cost(s) associated with financing and paying for repairs and mitigation efforts.

25. As a direct result of Defendant's breach of its insurance contract, Plaintiff has been unable to make the repairs necessary to restore the Property to its pre-loss condition.

26. As a direct result of Defendant's breach of its insurance contract, Plaintiff has incurred consequential damages that were reasonably foreseeable in the event that there was a breach of the insurance contract.

27. As a direct result of Defendant's breach of its insurance contract, Plaintiff was forced to retain counsel and is obligated to pay reasonable attorneys' fees and costs in connection with the prosecution of this action. Plaintiff is entitled to reimbursement of these fees and costs pursuant to Florida Statutes § 627.428.

WHEREFORE Plaintiff, EL-AD, respectfully requests this Court enter an Award of all:

A. General compensatory damages;

B. Consequential damages;

C. Interest;

D. Attorneys fees and costs associated with the instant litigation;

E. Costs incurred as a result of the instant litigation; and,

F. Any such other and further relief as this Court deems just and appropriate.

**COUNT II**
**Request for Declaratory Relief against Mt. Hawley**

28. Plaintiff re-alleges Paragraphs 1 through 27 as if fully set forth herein and further states:

29. Plaintiff and Defendant are in doubt and dispute over their rights and obligations under the aforementioned Primary Policy of insurance. Such doubt and dispute has created a bona fide, actual and present adverse controversy between the parties regarding the applicability of the above-stated Primary Policy and demand for coverage and benefits.

30. Plaintiff's insured property was damaged as a result of Hurricane Wilma on or about October 24, 2005.

31. Florida Statutes § 95.11(2)(b) states in pertinent part that an action for breach of contract must be commenced within five years in order to be timely filed.

32. Florida Statutes § 95.11(2)(b) does not expressly specify the point in time from which the five year statute of limitations begins to run. However, numerous Florida courts have held that the five year period begins on the date the insurance contract is breached.

33. While Plaintiff adamantly agrees with these rulings, Plaintiff recognizes the potential implications that could result from failing to commence an action before the end of the

limitations period. Thus, in an abundance of caution, Plaintiff has filed the instant actions for Breach of Contract.

34. Plaintiff is in need of immediate action from this Court in order to protect its legal rights and ability to seek appropriate remedies. Specifically, Plaintiff requests that this Court declare that the date that Defendant breached the contract was on or about the date when Defendant denied and/or underpaid the Plaintiff's insurance claim.

35. Plaintiff also requests this Court to declare that the date the statute of limitations begins to run is the date that Defendant breached the insurance contract, is on or about the date when Defendant denied and/or underpaid the Plaintiff's insurance claim.

36. Since the Defendant has refused or otherwise failed to pay clearly owed policy proceeds under the insurance contract for the loss occurring on or about October 24, 2005, Plaintiff remains quite interested in its rights and obligations under the contract of insurance. The conduct of Defendant has given rise to Plaintiff's doubt about the extent of its rights under the Primary Policy.

37. Further, Plaintiff requests that this Court enter an order staying Plaintiff's Complaint for Breach of Contract until such time as the parties can reasonably comply with Defendant's demands under the Primary Policy.

38. As a result of this dispute, it has become necessary that Plaintiff retains the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs. Plaintiff is entitled to recover attorneys' fees and costs under Fla. Stat. § 627.428, Fla. Stat § 57.041, and Fla. Stat 92.231, as well as all damages cognizable under Fla. Stat. § 57.105(3) from the Defendant's "unreasonable delay" or maintaining any defenses that are not supported by the record facts or

then-existing law. Should Plaintiff prevail, it shall be entitled to interest from the date of the judgment.

WHEREFORE, Plaintiff, EL-AD, respectfully request this Court declare:

A. That the date Defendant breached the insurance contract is the date it denied and/or underpaid the Plaintiff's insurance claim;

B. That the five year statute of limitations for breach of an insurance contract begins to run on the date Defendant denied and/or underpaid the Plaintiff's insurance claim;

C. That Plaintiff's Complaint for Breach of Contract is timely filed, but is stayed pending the Plaintiff's reasonable compliance with Defendant's demands under the Primary Policy; and,

D. Any such other and further relief that this Court deems just and appropriate.

**COUNT III**
**Breach of Contract against Aspen Specialty**

39. Plaintiff re-alleges Paragraphs 1 through 10 as if fully set forth herein and further states:

40. This is a cause of action for breach of contract arising out of an insurance policy that was in effect at the time of the loss(es) to the insured property.

41. On or about October 24, 2005, Plaintiff suffered substantial damage(s) to its insured property as a result of wind damage and ensuing loss(es) from Hurricane Wilma.

42. Wind damage(s) and ensuing loss(es) are covered perils under the Excess Policy.

43. Once known, Plaintiff timely notified Defendant of the damage(s) and filed a claim in accordance with the terms and conditions of the Excess Policy.

44. In response, Defendant assigned an adjuster and/or representative to investigate the damage(s).

45. Wind damage(s) and ensuing loss(es) damaged the insured property and caused Plaintiff substantial hardship.

46. Plaintiff has suffered economic damage(s) as a result of covered loss(es) to the insured property and continues to suffer the loss(es).

47. Plaintiff has repeatedly requested that Defendant pay its damage(s). However, Defendant has failed and/or refused to do so based on an improper, inadequate, and biased investigation as well as the palpably incorrect and biased recommendations and opinions of its adjusters and representatives.

48. Plaintiff has at all times cooperated with Defendant in the adjustment of the claim. Plaintiff has also complied with all of its obligations under the Excess Policy, or in the alternative, has been excused from performance by the acts, representations, omissions, or conduct of Defendant.

49. Notwithstanding the foregoing, Defendant has failed to timely and promptly pay the full amount due and owing under the Excess Policy for the covered loss(es) sustained. Defendant's failure to timely and promptly pay all amounts due and owing under the Excess Policy is a breach of the insurance contract.

50. Defendant has denied coverage for a portion of the damage(s) incurred by Plaintiff.

51. Defendant's denial of coverage and refusal to pay the full amount due and owing under the Excess Policy is a breach of the insurance contract.

52. As a direct result of Defendant's breach of its insurance contract, Plaintiff has incurred, and continues to incur, cost(s) associated with financing and paying for repairs and mitigation efforts.

53. As a direct result of Defendant's breach of its insurance contract, Plaintiff has been unable to make the repairs necessary to restore the Property to its pre-loss condition.

54. As a direct result of Defendant's breach of its insurance contract, Plaintiff has incurred consequential damages that were reasonably foreseeable in the event that there was a breach of the insurance contract.

55. As a direct result of Defendant's breach of its insurance contract, Plaintiff was forced to retain counsel and is obligated to pay reasonable attorneys' fees and costs in connection with the prosecution of this action. Plaintiff is entitled to reimbursement of these fees and costs pursuant to Florida Statutes § 627.428.

WHEREFORE Plaintiff, EL-AD, respectfully requests this Court enter an Award of all:

A. General compensatory damages;

B. Consequential damages;

C. Interest;

D. Attorneys' fees and costs associated with the instant litigation;

E. Costs incurred as a result of the instant litigation; and,

F. Any such other and further relief as this Court deems just and appropriate.

**COUNT IV**
**Request for Declaratory Relief against Aspen Specialty**

56. Plaintiff re-alleges Paragraphs 1 through 10 and 39 through 55 as if fully set forth herein and further states:

57. Plaintiff and Defendant are in doubt and dispute over their rights and obligations under the aforementioned Excess Policy of insurance. Such doubt and dispute has created a bona fide, actual and present adverse controversy between the parties regarding the applicability of the above-stated Excess Policy and demand for coverage and benefits.

58. Plaintiff's insured property was damaged as a result of Hurricane Wilma on or about October 24, 2005.

59. Florida Statutes § 95.11(2)(b) states in pertinent part that an action for breach of contract must be commenced within five years in order to be timely filed.

60. Florida Statutes § 95.11(2)(b) does not expressly specify the point in time from which the five year statute of limitations begins to run. However, numerous Florida courts have held that the five year period begins on the date the insurance contract is breached.

61. While Plaintiff adamantly agrees with these rulings, Plaintiff recognizes the potential implications that could result from failing to commence an action before the end of the limitations period. Thus, in an abundance of caution, Plaintiff has filed the instant actions for Breach of Contract.

62. Plaintiff is in need of immediate action from this Court in order to protect its legal rights and ability to seek appropriate remedies. Specifically, Plaintiff requests that this Court declare that the date that Defendant breached the contract was on or about the date when Defendant denied and/or underpaid the Plaintiff's insurance claim.

63. Plaintiff also requests this Court to declare that the date the statute of limitations begins to run is the date that Defendant breached the insurance contract, is on or about the date when Defendant denied and/or underpaid the Plaintiff's insurance claim.

64. Since the Defendant has refused or otherwise failed to pay clearly owed policy proceeds under the insurance contract for the loss occurring on or about October 24, 2005, Plaintiff remains quite interested in its rights and obligations under the contract of insurance. The conduct of Defendant has given rise to Plaintiff's doubt about the extent of its rights under the Excess Policy.

65. Further, Plaintiff requests that this Court enter an order staying Plaintiff's Complaint for Breach of Contract until such time as the parties can reasonably comply with Defendant's demands under the Excess Policy.

66. As a result of this dispute, it has become necessary that Plaintiff retains the services of the undersigned attorney. Plaintiff is obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs. Plaintiff is entitled to recover attorneys' fees and costs under Fla. Stat. § 627.428, Fla. Stat § 57.041, and Fla. Stat 92.231, as well as all damages cognizable under Fla. Stat. § 57.105(3) from the Defendant's "unreasonable delay" or maintaining any defenses that are not supported by the record facts or then-existing law. Should Plaintiff prevail, it shall be entitled to interest from the date of the judgment.

WHEREFORE, Plaintiff, EL-AD, respectfully request this Court declare:

A. That the date Defendant breached the insurance contract is the date it denied and/or underpaid the Plaintiff's insurance claim;

B. That the five year statute of limitations for breach of an insurance contract begins to run on the date Defendant denied and/or underpaid the Plaintiff's insurance claim;

C. That Plaintiff's Complaint for Breach of Contract is timely filed, but is stayed pending the Plaintiff's reasonable compliance with Defendant's demands under the Excess Policy; and,

D. Any such other and further relief that this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, EL-AD, demands a trial by jury on all issues so triable.

Javier Delgado, Esquire
Florida Bar No.: 0560146
Merlin Law Group, P.A.
2333 Ponce de Leon Boulevard, Suite 314
Coral Gables, FL 33134
Tel: (305) 448-4800
Fax: (305) 448-2424
Attorneys for Petitioner